

July 9, 2024

Ms. Maria R. Hamilton
Clerk of Court
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE:    *Seafreeze Shoreside, Inc. et al. v. United States Department of the Interior, et al.*, Case No. 23-1853; Oral Argument Scheduled for July 25, 2024

Dear Ms. Hamilton:

Per Federal Rule of Appellate Procedure 28(j), counsel for Appellants Seafreeze Shoreside, Inc. *et al*. writes to inform the Court of a relevant decision rendered after briefing in the instant case was completed: *Loper Bright Enters. v. Raimondo*, Nos. 22-451 and 22-1219, 2024 U.S. LEXIS 2882 (June 28, 2024). This case is relevant to several issues presented for review.

In *Loper Bright*, the Supreme Court overruled *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837 (1984) and found that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright*, slip op. at 35. The Court ruled that the Administrative Procedure Act ("APA") requires courts to "decide all relevant questions of law arising on review of agency action—even those involving ambiguous laws" without deference to an agency's reading of statutes. *Id*. at 14 (cleaned up).

The instant case involves multiple questions of statutory interpretation. For instance, Appellants ask this Court to find that 43 U.S.C. § 1337(p)(4) plainly means that the Secretary of the Interior has a mandatory duty to "ensure . . . safety [and] protection of the environment" when approving renewable energy projects on the

Outer Continental Shelf. Op. Br. at 57–64. Appellees, including several agencies, interpreted Section 1337(p)(4) to employ a "reasonableness" or "balancing" test found nowhere in the statute, and the district court deferred to this reading. *See* Appx. at 01072–73. In *Loper Bright,* the Supreme Court held that courts may not defer to an agency's legal interpretation of a statute because "legal interpretation . . . has been, 'emphatically,' 'the province and duty of the judicial department' for at least 221 years." *Loper Bright*, slip op. at 35 (quoting *Marbury v. Madison*, 1 Cranch 137, 177 (1803)).

Sincerely,

*/s/Theodore Hadzi-Antich*
THEODORE HADZI-ANTICH
Counsel for Appellants
Seafreeze Shoreside, Inc., *et al.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on July 9, 2024. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/Theodore Hadzi-Antich*
THEODORE HADZI-ANTICH

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 28 because it contains 297 words and is prepared in a proportionally spaced typeface using Microsoft Office Word 2020 in 14-point Times New Roman font.

*/s/Theodore Hadzi-Antich*
THEODORE HADZI-ANTICH
