

**U.S. Department of Justice**
Environment and Natural Resources
Division

*Appellate Section*  *Telephone (202) 514-5580*
*P.O. Box 7415*  *Facsimile (202) 514-3393*
*Ben Franklin Station*
*Washington, DC 20044*

July 15, 2024

**FILED VIA CM/ECF**

Maria R. Hamilton
Clerk of Court, Court of Appeals for the First Circuit
U.S. Court of Appeals for the First Circuit
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re: US Court of Appeals for the First Circuit, No. 23-1853, *Seafreeze Shoreside, Inc. et al. v. US Dept of the Interior, et al.*

Dear Ms. Hamilton:

This letter responds to Plaintiff-Appellants' July 9, 2024, letter in the above-captioned case, which directs this Court to *Loper Bright Enters. v. Raimondo*, Nos. 22-451, 22-1219, 603 U.S. ___ (June 28, 2024). *Loper Bright* overturned the holding in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984), that courts should defer to agency interpretations *of ambiguous statutory language* in certain circumstances. That holding is not relevant here. Plaintiff-Appellants contend that the Department of the Interior misinterpreted the Outer Continental Shelf Lands Act ("OCSLA"). OCSLA directs Interior to ensure that any activity it authorizes under the applicable section is carried out in a manner that provides for twelve enumerated goals. Plaintiff-Appellants contend that, by issuing a permit that enabled the construction of an offshore wind energy facility, Interior did not adequately ensure certain enumerated goals, specifically, safety, the protection of the environment, and the prevention of interference with reasonable uses of the exclusive economic zone in compliance with OCSLA.

OCSLA provides Interior with discretion to determine how to achieve the enumerated goals, particularly when the goals are in conflict. Interior has not argued that its understanding of OCSLA in reference to the permit under review is entitled to deference under *Chevron*; nor did the district court affirm Interior's decision on that basis. As our brief shows, pp. 18-22, Interior's understanding of the statute is consistent with the statute's language and the precedent of the Supreme Court and

this Court. This Court should affirm the district court's judgment that Interior complied with OCSLA when it issued the permit. *See* Br. at 17-30.

Respectfully submitted,

*/s/ Thekla Hansen-Young*
Counsel for Federal Defendants-Appellees

cc: All counsel via CM/ECF